UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SCHWAB FAMILY PARTNERSHIP (f/k/a ) <br> FRANKLIN SMELTING & REFINING CO.); ) <br> FRANKLIN SMELTING & REFINING ) <br> CORP.; FRANCOS REALTY, INC.; ) <br> ALBERT SCHWAB; MICHAEL SALTZBURG; ) <br> and BETTY SALTZBURG, as EXECUTRIX ) <br> of the ESTATE OF DAVID SALTZBURG, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. ____ |

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil action under Sections 107 and 113(b) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613(b), for recovery of response costs incurred and to be incurred by the United States in response to the release or threat of release of hazardous substances at the Franklin Smelting Site ("Site"), located in Philadelphia, Pennsylvania. The United States also seeks a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C.

§ 9613(g)(2), on liability that will be binding in future actions to recover further costs incurred at or in connection with the Site.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345 and 42 U.S.C. §§ 9607(a) and 9613(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 9613(b), because the claims arose in this judicial district.

## DEFENDANTS

4. Defendant Schwab Family Partnership (the "Partnership") is a general partnership established under the laws of the Commonwealth of Pennsylvania and, at times relevant hereto, conducted business in the Commonwealth of Pennsylvania. The Partnership was previously named Franklin Smelting and Refining Company, and also traded under the name Franklin Smelting & Refining Co. Through a February 1, 1983 Amending Agreement to the original partnership agreement, the Partnership adopted the trade name Schwab Family Partnership. The Partnership is comprised of the general partners listed below in Paragraph 7.

5. Defendant Franklin Smelting & Refining Corp. ("Franklin Corp.") is a corporation established under the laws of the Commonwealth of Pennsylvania and, at times relevant hereto, conducted business in the Commonwealth of Pennsylvania.

6. Defendant Francos Realty, Inc. ("Francos Realty") is a corporation established under the laws of the Commonwealth of Pennsylvania and, at times relevant hereto, conducted business in the Commonwealth of Pennsylvania.

7. Defendants Albert Schwab and Michael Saltzburg are or have been residents of

the Commonwealth of Pennsylvania. Each has been a general partner of the Partnership since 1952, either in his individual capacity or as the beneficiary of a trust.

8. Defendant Betty Saltzburg, as Executrix of the Estate of David Saltzburg, is named in her capacity as the personal representative of the Estate of David Saltzburg. David Saltzburg was a general partner of the Partnership from at least 1952 to 1979 when it traded under the name Franklin Smelting and Refining Company. Upon David Saltzburg's death in 2005, his Estate became liable for his debts and liabilities.

9. Each Defendant falls within the definition of a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

### A. Site Operations

10. The Site is located on approximately nine acres at or near 3100 Castor Avenue, Philadelphia, Pennsylvania.

11. From approximately 1935 until 1997, a secondary smelting and refining facility was operated on a portion of the Site, which is divided into several parcels.

12. At times relevant to this Complaint, the Defendant Partnership has held title to one parcel, including the portion of the Site where the smelting facility was located, and Defendant Francos Realty has held title to the other parcels.

13. The operation of the smelting facility involved purchasing feedstock material, such as slag, telephone scrap, metal fines, and metal scrap, which was processed and smelted into products such as blister and black copper, mineral grit, converter slag, zinc oxides, and ammonium sulfate.

14. From at least 1952 until 1983, the secondary smelting and refining facility was operated by the Partnership under the name Franklin Smelting & Refining Co.

15. In 1983, the general partners of the Partnership formed the Defendant Franklin Corp. The Franklin Corp. assumed the assets and operations of the Partnership and continued secondary smelting and refining operations at the Site until approximately 1997.

16. As a result of the operations at the Site, hazardous substances were disposed of at the Site and there was a release or threatened release of these hazardous substances into the environment during times relevant to this Complaint. During an initial assessment of the Site in October 1997 and during EPA's subsequent removal activities, EPA determined that there was a release or threatened release of hazardous substances into the environment from the Site, including, but not limited to, lead, arsenic, cadmium, polychlorinated biphenyls ("PCBs"), and corrosive and flammable liquids. Based upon information and belief, and subject to a reasonable opportunity for further investigation and discovery, it is likely to be determined that hazardous substances as identified above were disposed of at the Site and were released or threatened to be released into the environment during the times both the Franklin Corp. and the Franklin Partnership operated the Site.

**B.   Response Actions In Connection With The Site**

17. EPA initiated an initial assessment of the Site in late 1997 pursuant to Section 104(b) of CERCLA, 42 U.S.C. § 9604(b). Analytical results based upon the initial assessment confirmed the presence of lead, cadmium and arsenic that had been released or were threatened to be released at the Site.

4

18. In October 1997, a multimedia inspection was conducted at the facility. Based upon the inspection and analytical results, EPA found, inter alia: (a) deteriorating and leaking drums, some of which contained leachable lead or cadmium and (b) slag material that also contained leachable lead. Further, EPA found that various equipment and building components were covered with residual dust, which was analyzed as containing elevated levels of lead, cadmium and arsenic. The dust was subject to becoming airborne and being released into the environment as wind, rain and other weather conditions entered into buildings through openings in the structures that housed some of the large process equipment.

19. Based upon the assessment and inspection of the Site, EPA determined that the actual or threatened release of hazardous substances from the Site, if not addressed, may present an imminent and substantial endangerment to public health, welfare, or the environment. Between approximately February 1998 and February 2000, EPA conducted removal response activities at and in connection with the Site.

20. EPA and the Department of Justice have undertaken other response activities in connection with the Site, including, but not limited to, enforcement related activities.

21. As of approximately 2002, the United States had incurred response costs of at least $18,828,797 in connection with the Site under Section 104 of CERCLA, 42 U.S.C. § 9604.

22. The United States' response costs were incurred in a manner not inconsistent with the National Contingency Plan ("NCP"), 40 C.F.R. Part 300.

## CLAIM FOR RELIEF

23.     The United States realleges and incorporates by reference paragraphs 1 through 22 above, as if fully set forth below.

24.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as amended, provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subse
>
>> (1) the owner and operator of a vessel or facility,
>>
>> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>>
>>> (A) all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan; . . . .

25.     Lead, cadmium, arsenic, PCBs and other substances found at the Site are hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14). EPA determined that the above-mentioned hazardous substances were disposed of at the Site.

26.     The hazardous substances found at and/or near the Site in soil and on equipment and surface areas were released or threatened to be released into the environment within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

27.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

28.     To protect the public health, welfare and the environment from the actual or threatened release of a hazardous substance into the environment from the Site, the Administrator of EPA, pursuant to Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), has undertaken response

activities with respect to the Site that are not inconsistent with the NCP, including investigations, monitoring, assessing, testing, and enforcement related activities.

29. The Partnership is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2) as an operator of the Site when hazardous substances were disposed of at the Site.

30. The Partnership is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2) as an owner of the Site or a portion thereof when hazardous substances were disposed of at the Site.

31. Defendant Franklin Corp. is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as an operator of the Site when hazardous substances were disposed of at the Site.

32. Defendant Francos Realty is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), as an owner of the Site or a portion thereof when hazardous substances were disposed of at the Site.

33. Defendants Albert Schwab and Michael Saltzburg, and Betty Saltzburg, as Executrix of the Estate of David Saltzburg, as general partners in the Partnership which operated the smelting and refining facility at the Site until 1983, are each liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2) to the same extent as the Partnership as an operator of the Site when hazardous substances were disposed of at the Site.

34. Defendants Albert Schwab and Michael Saltzburg, and Betty Saltzburg, as Executrix of the Estate of David Saltzburg, as general partners in the Partnership, are each liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2) to the same extent as the Partnership as an owner of the Site when hazardous substances were disposed of at the

Site.

35. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendants are jointly and severally liable for all response costs incurred and to be incurred by the United States with respect to the Site.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that the Court enter a judgment against the Defendants, jointly and severally, as follows:

A. Enter judgment against Defendants, pursuant to Section 107 of CERCLA, 42 U.S.C. § 9607, as being liable for the United States' past response costs and all response costs that may be incurred in connection with the Site;

B. Order Defendants to pay all past response costs incurred in conducting response activities in connection with the Site;

C. Enter a declaratory judgment as to Defendants' liability that will be binding in future actions to recover response costs incurred in connection with the Site;

D. Award the costs of this action to the United States; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Ignacia S. Moreno*

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice


*John W. Sither*

JOHN W. SITHER
Environmental Enforcement Section
U.S. Department of Justice
P.O Box 7611
Washington, D.C. 20044
(202) 514-5484
John.Sither@usdoj.gov

MICHAEL L. LEVY
United States Attorney
Eastern District of Pennsylvania


*Susan R. Becker*

SUSAN R. BECKER
Assistant United States Attorney
Office of the United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8310
Susan.Becker@usdoj.gov

OF COUNSEL:

MARK BOLENDER
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103