IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| and ) | |
| ) | |
| COMMONWEALTH OF PENNSYLVANIA, ) | |
| DEPARTMENT OF ENVIRONMENTAL ) | |
| PROTECTION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 2:10-cv-00412-JD |
| ) | |
| SCHWAB FAMILY PARTNERSHIP, ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **CONSENT DECREE**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | BACKGROUND…………………………………………….................. | 3 |
| II. | JURISDICTION……………………………………………………… | 4 |
| III. | PARTIES BOUND…………………………………………………… | 4 |
| IV. | DEFINITIONS……………………………………………………..….4 | |
| V. | STATEMENT OF PURPOSE……………………………………….….7 | |
| VI. | PAYMENT OF RESPONSE COSTS………………………….…….…7 | |
| VII. | SALE OF PROPERTY……………………………………………….10 | |
| VIII. | CONFESSION AND SATISFACTION OF JUDGMENT……………….. | 12 |
| IX. | FAILURE TO COMPLY WITH CONSENT DECREE……………….…... | 13 |
| X. | COVENANT NOT TO SUE BY PLAINTIFFS……..……………………….. | 15 |
| XI. | RESERVATION OF RIGHTS BY PLAINTIFFS…………………............ | 16 |
| XII. | CONVENANT NOT TO SUE BY SETTLING DEFENDANTS………… | 17 |
| XIII. | EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION……….. | 18 |
| XIV. | FINANCIAL CERTIFICATION……………………………………….. | 19 |
| XV. | NOTICES AND SUBMISSIONS……………………………………… | 20 |
| XVI. | RETENTION OF JURISDICTION………………………………….. | 21 |
| XVII. | INTEGRATION/APPENDICES…………………………………….. | 21 |
| XVIII. | LODGING AND OPPORTUNITY FOR PUBLIC COMMENT…………. | 22 |
| XIX. | SIGNATORIES/SERVICES…………………………………………. | 22 |
| XX. | FINAL JUDGMENT…………………………………………………. | 23 |

Appendix A: List of Settling Defendants' Financial Submissions

Appendix B: Map of Sites

Appendix C: Notice of Judgment Lien

2

## I. **BACKGROUND**

A. On January 29, 2010, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken or to be taken at or in connection with the release or threatened release of hazardous substances at the Franklin Smelting Superfund Site. The complaint named various defendants, including Settling Defendants Michael Saltzburg, Betty Saltzburg, as Executrix for the Estate of David Saltzburg, Albert Schwab, Franklin Smelting and Refining Corp., Francos Realty, Inc. and the Schwab Family Partnership.

B. Simultaneously with the lodging of this Consent Decree, the United States and the Commonwealth of Pennsylvania ("Commonwealth") (collectively, "the Plaintiffs") are filing an amended complaint. The amended complaint names as defendants four individuals not named in the original complaint, Settling Defendants Roger Schwab, Ann Schwab Brown, Betty Saltzburg (in her individual capacity), Susan Saltzburg, and one additional corporation, MDC, Industries, Inc. The amended complaint asserts CERCLA Section 107 claims by the United States for reimbursement of response costs incurred and/or to be incurred at the Franklin Smelting Site and the Franklin Slag Pile Superfund Site (collectively, "the Sites"), which are contiguous sites located in the Port Richmond neighborhood of Philadelphia, Pennsylvania. In addition, the amended complaint adds claims by the Commonwealth under the Pennsylvania Hazardous Sites Cleanup Act of October 18, 1988, P.L. No. 108, as amended, 35 P.S. § 6020 ("HSCA") related to the Franklin Slag Pile Superfund Site.

C. Settling Defendants do not admit any liability to the Plaintiffs arising out of the transactions or occurrences alleged in the amended complaint.

D. The United States has reviewed the confidential Financial Information requested by the United States and submitted by Settling Defendants to determine whether Settling Defendants are financially able to pay response costs incurred and to be incurred at the Sites. Based upon this review, the Plaintiffs have determined that Settling Defendants have limited financial ability to pay the response costs incurred and to be incurred at the Sites, but are able to pay the amounts specified in Section VI and fulfill the other obligations assumed by each Settling Defendant under this Consent Decree.

E. The Consent Decree requires the sale of certain real properties owned by both Settling Defendant Betty Saltzburg and by the Estate of David Saltzburg, for which Betty Saltzburg functions as executor. Betty Saltzburg's son, Settling Defendant Michael Saltzburg, has agreed to act as Betty Saltzburg's personal representative for purposes of fulfilling her obligations, both individually and as the Executrix of the Estate of David Saltzburg, under this Consent Decree.

F. The Consent Decree also requires the sale of certain securities owned by Settling Defendant Franklin Smelting and Refining Corp., which Settling Defendant Michael Saltzburg has agreed to undertake on Franklin Smelting and Refining Corp.'s behalf.

3

G. The Plaintiffs and Settling Defendants agree, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over Settling Defendants. Settling Defendants consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the Plaintiffs and upon Settling Defendants and their heirs, successors and assigns. Any change in ownership or corporate or other legal status, including, but not limited to, any transfer of assets or real or personal property, shall in no way alter the status or responsibilities of any Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "Bala Cynwyd Property" shall mean the condominium and real property, excluding all personal effects and personal property,located at #513, 41 Conshohocken State Road, Bala Cynwyd, Montgomery County, Pennsylvania, which is identified by tax parcel ID number 40-00-57956-00-9.

b. "CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, *et seq.*

c. "Commonwealth of Pennsylvania" shall mean the Commonwealth of Pennsylvania, including its departments, agencies and instrumentalities.

d. "Consent Decree" shall mean this Consent Decree and all appendices attached hereto. In the event of conflict between this Consent Decree and any appendix, this Consent Decree shall control.

4

e. "Day" shall mean a calendar day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

f. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

g. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

h. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

i. "Fair Market Value" shall mean the price at which either Property would change hands between a willing buyer and a willing seller under actual market conditions, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts.

j. "Financial Information" shall mean those financial documents identified in Appendix A.

k. "Franklin Slag Site" shall mean the Franklin Slag Pile Superfund Site located adjacent to the Franklin Smelting Site at 3110 Castor Avenue, Philadelphia, Pennsylvania, and generally shown on the map included in Appendix B.

l. "Franklin Smelting Site" shall mean the Franklin Smelting Superfund Site located adjacent to the Franklin Slag Site at 3100 Castor Avenue, Philadelphia, Pennsylvania, and generally shown on the map included in Appendix B.

m. "HSCA" shall mean the Pennsylvania Hazardous Sites Cleanup Act of October 18, 1988, P.L. 756, No. 108, *as amended*, 35 P.S. Section 6020.101 *et seq*.

n. "Insurance Policies" shall mean all liability insurance policies issued to or for the benefit of Schwab Family Partnership, Franklin Smelting & Refining Co., Franklin Smelting & Refining Corp., MDC Industries, Inc., Francos Realty, Inc. and/or any predecessor in interest to these organizations, including all policies for which these organizations and/or their predecessors are an "insured," "named insured," or "additional insured," and including but not limited to all policies for excess, excess/umbrella, umbrella, pollution legal liability, and environmental impairment liability.

o. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

p. "Jupiter Property" shall mean the condominium and real property, excluding all personal effects and personal property, located at 303 Captains Way, Jupiter, Palm Beach County, Florida, which is identified by Parcel Control Number: 30-43-41-18-04-000-0303.

q. "Net Proceeds" shall mean the purchase price of either Property minus only the following costs if paid by a Settling Defendant: (i) the real estate agent commission (including advertising costs), if any; (ii) recording fees; (iii) transfer taxes; (iv) reasonable attorney fees related solely to the sale of the property and the closing; (v) the reasonable costs of auctioning the Property; and (vi) other reasonable expenses associated with the sale of the Property and the closing that are approved in advance and in writing by EPA.

r. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

s. "Parties" shall mean the United States, the Commonwealth of Pennsylvania and the Settling Defendants.

t. "Plaintiffs" shall mean the United States and the Commonwealth of Pennsylvania.

u. "Property" shall mean the Bala Cynwyd Property and/or the Jupiter Property.

v. "Saltzburg Defendants" are collectively, the Settling Defendants Michael Saltzburg, Susan Saltzburg, Betty Saltzburg, and Betty Saltzburg, as Executrix for the Estate of David Saltzburg.

w. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

x. "Settling Defendants" shall mean the following parties:

   i)     Michael Saltzburg
   ii)    Susan Saltzburg
   iii)   Betty Saltzburg
   iv)    Betty Saltzburg, as Executrix for the Estate of David Saltzburg
   iv)    Roger Schwab
   v)     Ann Schwab Brown
   vi)    Albert Schwab
   vi)    Franklin Smelting and Refining Corp.
   vii)   Francos Realty, Inc.
   viii)  Schwab Family Partnership
   ix)    MDC Industries, Inc. (f/k/a Metals Refining Company and Metals Development Company)

y. "Sites" shall mean the Franklin Smelting Superfund Site and the Franklin Slag Superfund Site, as defined above and/or as generally shown on the map included in Appendix B.

6

z. "Stock Net Proceeds" shall mean the sale price of the following securities owned by Settling Defendant Franklin Smelting and Refining Corp. and held in its account at Montgomery Janney Scott LLC, minus all reasonable and customary brokerage commissions and fees associated with the sale:

      i)     1,000 shares common in Sherritt Gordon Mines Limited (now known as Agrium, Inc.)

      ii)    877 shares common in Westaim Corporation

aa. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. **STATEMENT OF PURPOSE**

4. By entering into this Consent Decree, the mutual objective of the Parties is for Settling Defendants to make cash payments, convey net proceeds from the sale of the real property and securities specified herein, and assign their rights to claims proceeds from insurance policies to the United States in order to address their alleged liability for the Sites as provided in the Covenant Not to Sue by Plaintiffs in Section X, and subject to the Reservations of Rights by Plaintiffs in Section XI.

## VI. **PAYMENT OF RESPONSE COSTS**

5.    a. Cash Payments.  Within thirty (30) days of entry of this Consent Decree, the following Settling Defendants shall make the following separate payments to the United States and the Commonwealth in resolution of the Plaintiffs' claims.

|  | United States | Commonwealth |
|---|---|---|
| Michael Saltzburg | $850,000 | $150,000 |
| Betty Saltzburg, as Executrix of the Estate of David Saltzburg | $425,000 | $75,000 |
| Roger Schwab | $255,000 | $45,000 |
| Albert Schwab | $1,253,750 | $221,250 |

b. Payment of Stock Net Proceeds.  Within thirty (30) days of the sale of securities specified in Paragraph 3.z or entry of this Consent Decree, whichever is later, Settling Defendant Michael Saltzburg, acting solely on behalf of Settling Defendant Franklin Smelting and Refining Corp., shall pay to Plaintiffs 100% of the Stock Net Proceeds, as defined in Paragraph 3.z, apportioned as follows: 85% to the United States, and 15% to the Commonwealth.

6. The Settling Defendants identified in Paragraph 5 above shall make their respective payments to the United States and the Commonwealth in the following manner.

     a. <u>Payments to the United States.</u>  Payments to the United States shall be made at https://www.pay.gov to the U.S. Department of Justice account, referencing USAO File Number 2006V00448, the EPA Region and Site Spill ID Number D378, and DOJ Case Number 90-11-2-07622/2, in accordance with instructions provided to Settling Defendants by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of Pennsylvania after the Effective Date.  Any payment received by the Department of Justice after 4:00 p.m. Eastern Time shall be credited on the next business day.  The payment instructions provided by the FLU will include a Consolidated Debt Collection System ("CDCS") number, which shall be used to identify all payments required to be made in accordance with this Consent Decree.  The FLU shall provide the payment instructions to Settling Defendants through the following persons:

> For all Saltzburg Defendants except Susan Saltzburg
> Margaret A. Hill, Esq.
> Blank Rome LLP
> One Logan Square
> 18th & Cherry Streets
> Philadelphia, PA  19103
> mhill@blankrome.com

> For Roger Schwab
> Kenneth J. Warren, Esq.
> Hangley Aronchick Segal & Pudlin
> One Logan Square, 27th Floor
> Philadelphia, PA 19103
> kjw@hangley.com

> For Albert Schwab
> Joseph J. McGovern, Esq.
> Obermayer Rebmann Maxwell & Hippel LLP
> One Penn Center – 19th Floor
> 1617 John F. Kennedy Boulevard
> Philadelphia, PA 19103-1895
> Joseph.McGovern@obermayer.com

Any Settling Defendant may change the individual to receive payment instructions on his or her behalf by providing written notice of such change in accordance with Section XV (Notices and Submissions).

     b. <u>Payments to the Commonwealth.</u>  Payments to the Commonwealth shall be by certified check or cashier's check or checks made payable to the "Pennsylvania Hazardous Sites Cleanup Fund" and sent to:

> Mr. Ragesh Patel
> HSCA Program Manager

Pennsylvania Department of Environmental Protection
Southeast Region
2 East Main Street
Norristown, PA 19401

7. At the time of his or her payment to the United States, each Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions) and to:

Docket Clerk (3RC00)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 10103-2029

Barbara Borden (3PM30)
United States Environmental Protection Agency
Region III
1650 Arch Street
Philadelphia, PA 10103-2029

In addition, each Settling Defendant shall send notice that payment has been made to the EPA Cincinnati Finance Office by email at acctsreceivable.cinwd@epa.gov, or by mail to:

EPA Cincinnati Finance Office
26 Martin Luther King Drive
Cincinnati, Ohio 45268

All or a portion of the total amount to be paid by Settling Defendants to the United States pursuant to this Section VI may be deposited in a special account within the EPA Hazardous Substance Superfund to be retained and used by EPA to conduct or finance response actions at or in connection with the Site(s) including, without limitation, oversight activities, or transferred by EPA to the EPA Hazardous Substance Superfund.

8. Payment of Proceeds of Sales of Property.

a. In addition to the payments made under Paragraph 5, Settling Defendant Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall pay to the Plaintiffs 100% of the "Net Proceeds," as defined in Paragraph 3 above and as apportioned in Paragraphs 8.b - c below, from the sales of each Property, as required by Section VII of this Consent Decree.

b. Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall pay to the United States 85% of the Net Proceeds from each sale of Property. The payments shall be made at https://www.pay.gov to the U.S. Department of Justice account on the day of closing of the sale of each Property, in accordance with the payment

9

instructions referenced above in Paragraph 6.a.  Michael Saltzburg shall send notice that the payments have been made in accordance with Paragraph 7 above.

c.  Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall pay to the Commonwealth 15% of the Net Proceeds from each sale of Property.  The payments shall be made in accordance with the procedures specified in Paragraph 6.b above.

## VII. **SALE OF PROPERTY**

9.  Within thirty (30) days of entry of this Consent Decree, Settling Defendant Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall commence using his best efforts to sell the Jupiter Property.  Michael Saltzburg further agrees that he shall not assign, transfer, or exchange the Jupiter Property except by means of a sale.

10.  Within ninety (90) days of the death of Settling Defendant Betty Saltzburg, Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall commence using his best efforts to sell the Bala Cynwyd Property.  The Saltzburg Defendants further agree that they shall not assign, transfer, or exchange the Bala Cynwyd Property except by means of a sale.

11.  As used in this Section VII, "best efforts" shall include, at a minimum, the following:

a.     Listing the Property with a real estate broker, dealer, or agent (Listing Agent) licensed in the state wherein the Property is located who customarily deals with real property similar to the Property.  Under the terms of agreement reached with the Listing Agent, the Listing Agent will develop a marketing plan that will include direct contact with prospective purchasers, advertisements of the sale of the Property in appropriate publications, and other solicitation as appropriate for the sale of each Property;

b.     Providing access to the Property, at reasonable times, to real estate brokers, dealers or agents and prospective buyers;

c.     Until the Property is sold: (i) maintaining and making necessary repairs to the Property; (ii) keeping the Property insured against loss from casualty and liability; and (iii) paying or causing to be paid all real property taxes and other assessments, including condominium fees and sewer and water fees or assessments, when due;

d.     Timely providing to EPA and DOJ copies of all advertising published with respect to the Property, indicating when such advertising is/was displayed.  Copies shall be considered timely if the copies of the advertising are sent to EPA and DOJ within thirty (30) days after such advertising is/was displayed;

e.     Unless the United States and Michael Saltzburg agree to the contrary, Michael Saltzburg or Betty Saltzburg will not hold a mortgage from the purchaser of the Property; and

f.      Michael Saltzburg shall ensure that any contract for sale of the Property requires that the closing occur within sixty (60) days of execution of the contract, or at a later time as may be agreed to by EPA.

12. Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall not cause to have executed a contract for the sale of either Property without prior notice to, and written approval by, the United States of the terms of any such contract, such approval not to be unreasonably withheld.If the United States does not object to the proposed contract, or any term thereof, in writing, within twenty (20) days of receipt of the contract, Michael Saltzburg may proceed with the execution of the contract.

13. Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall submit to EPA, at least ten (10) days prior to the date of the sale of each Property, a notice of the sale, his calculation of the net sales proceeds, and all documentation regarding the values used in the calculation, including: (i) copies of all documents to be executed regarding the sale; (ii) documentation of the amounts of closing costs to be paid; (iii) documentation of any broker's fees regarding the sale; and (iv) documentation of the amounts of state and/or municipal transfer taxes to be paid regarding the sale of the Property. Michael Saltzburg may request that EPA approve in writing the calculation of net sales proceeds prior to the sale. In that event, EPA's approval shall be binding in any subsequent dispute between the United States and Michael Saltzburg regarding whether Michael Saltzburg has complied with Paragraph 8.

14. If within three (3) years after the date of entry of this Consent Decree, Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, has not executed an agreement or agreements for the sale of the Jupiter Property, he shall conduct an auction and transfer to the highest bidder any remaining portion of the Jupiter Property. Michael Saltzburg shall engage a professional auctioneer and publicize the auction fully, by means of advertisements in at least two (2) local newspapers for no less than thirty (30) days preceding the auction, as well as by all other appropriate and customary means for auctioning of real property in the Palm Beach County Florida metropolitan area;

15. If within three (3) years after the death of Settling Defendant Betty Saltzburg, Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, has not executed an agreement or agreements for the sale of the Bala Cynwyd Property, he shall conduct an auction and transfer to the highest bidder any remaining portion of the Bala Cynwyd Property. Michael Saltzburg shall engage a professional auctioneer and publicize the auction fully, by means of advertisements in at least two (2) local newspapers for no less than thirty (30) days preceding the auction, as well as by all other appropriate and customary means for auctioning of real property in the Philadelphia metropolitan area;

16. The procedures and timetables set forth in this Section VII of this Consent Decree may be changed by a writing signed by Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, and EPA without modification of this Consent Decree. Any such changes shall be effective as of the date of signature by EPA and fully enforceable as if set forth herein.

17. In the event of a sale of either Property, Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative, shall continue to be bound by all the terms and conditions, and subject to all the benefits, of this Consent Decree, except if the United States and Settling Defendants modify this Consent Decree in writing.

## VIII. CONFESSION AND SATISFACTION OF JUDGMENT

18. Effective upon entry of this Decree, Settling Defendants hereby agree and confess to entry of a judgment against themselves and in favor of the Plaintiffs in the amount of $30,148,432.25. Upon approval and entry, this Consent Decree shall constitute the final judgment for resolution of the Plaintiffs' claims against Settling Defendants, and no other form of judgment shall be required or entered. This judgment shall be satisfied solely through (i) the payments made in accordance with Section VI (Payment of Response Costs), (ii) the sale of Property in accordance with Section VII (Sale of Property) by Michael Saltzburg, acting solely as Settling Defendant Betty Saltzburg's personal representative and (iii) recovery of proceeds from any Insurance Policies, as defined in Paragraph 3. This judgment shall remain in effect as to each Settling Defendant until he, she, or it has complied with all of his, her, or its obligations under this Consent Decree. Upon the performance of a Settling Defendant's obligations under this Consent Decree, including all applicable obligations under Paragraph 19 below, and upon application by that Settling Defendant, Plaintiffs shall prepare a "Satisfaction of Judgment" as to that Settling Defendant. Plaintiffs agree to not oppose filing of this Satisfaction of Judgment by that Settling Defendant. In the event that Plaintiffs recover an amount in excess of this judgment, then that amount, minus the additional costs incurred in enforcing the judgment plus applicable interest, shall be returned to the Settling Defendants.

19. Insurance Claims.

a. Each Settling Defendant assigns to the United States his, her, or its rights, including rights to proceeds under the Insurance Policies. Upon request of the United States, each Settling Defendant shall reasonably cooperate with and assist the United States in (i) asserting and pursuing claims for coverage under those policies and (ii) negotiating or litigating to obtain the most favorable resolution of claims under those policies as is reasonable. No Settling Defendant shall be required by this Consent Decree or the assignment to fund any litigation against the insurers, nor shall any Settling Defendant be required to perform any research or document review or travel to any location outside the Eastern District of Pennsylvania in connection with his, her, or its obligation to cooperate with the United States. The United States shall at its election and at its sole expense pursue and conduct (or pay to conduct) any coverage claims, including without limitation any future litigation against the insurers. In the event an insurer brings a declaratory action on an Insurance Policy which names as defendants the Settling Defendants, the United States shall seek to dismiss the action as to the Settling Defendants, or to substitute itself for them as parties to the action on the basis of the assignment of rights conferred by this subparagraph. Settling Defendants shall not be required to participate at Settling Defendants' own expense in any such declaratory action beyond the level of cooperation required in this Paragraph 19.a. The proceeds from the Insurance Policies shall

be paid to the United States and to the Commonwealth as apportioned in Paragraph 19.b – c below.

b. Settling Defendants agree that 85% of any recovery from applicable Insurance Policies shall be paid to the United States. Settling Defendants shall use best efforts to have these insurance proceeds paid by its insurers directly to the United States, in accordance with the procedures specified in Paragraph 6.a. If it is not practicable for the insurers to pay the United States directly, Settling Defendants shall receive payment from the insurers and shall pay these insurance proceeds to the United States within thirty (30) days of receiving them, in accordance with the procedures specified in Paragraph 6.a.

c. Settling Defendants agree that 15% of any recovery from applicable Insurance Policies shall be paid to the Commonwealth. Settling Defendants shall use best efforts to have these insurance proceeds paid by its insurers directly to the Commonwealth, in accordance with the procedures specified in Paragraph 6.b. If it is not practicable for the insurers to pay the Commonwealth directly, Settling Defendants shall receive payment from the insurers and shall pay these insurance proceeds to the Commonwealth within thirty (30) days of receiving them, in accordance with the procedures specified in Paragraph 6.b.

20. Certification. Settling Defendants hereby certify that, to the best of their knowledge and belief, after thorough inquiry, they have fully disclosed the existence of any Insurance Policies, or evidence of such policies, that may cover claims relating to cleanup of the Sites, that they continue to hold all rights under the Insurance Policies, and that except to the extent that insurance claims unrelated to the response costs sought in the above-captioned action have been made in the past under one or more of the Insurance Policies, they have not settled, compromised, or assigned any insurance rights or the assigned claims proceeds prior to entry of this Consent Decree.

21. Judgment Liens. Settling Defendant Betty Saltzburg consents to the filing by the United States of a notice of judgment lien, in the form attached hereto as Appendix C, based on the judgment in favor of the United States in the Recorder's Offices of Montgomery County, Pennsylvania, and West Palm Beach County, Florida, for the purpose of securing the judgment identified in Paragraph 18 against the Bala Cynwyd Property and the Jupiter Property, respectively. Contemporaneous with the closings for the sales of each Property, EPA shall deliver to the escrow agent a release of the notice of judgment lien in the appropriate county. Provided the closings result in the overnight wire transfers of the payments required by Paragraph 8, the escrow of judgment lien shall release the judgment lien filed in accordance with this Paragraph and shall not release any other lien or encumbrance that may exist upon either property.

## IX. **FAILURE TO COMPLY WITH CONSENT DECREE**

22. Interest on Late Payments. If any Settling Defendant fails to make any payment owing under Paragraphs 5, 8, or 19 by the required due date, Interest shall continue to accrue on the unpaid balance through the date of payment.

23. Stipulated Penalty.

a. If any amounts due from a Settling Defendant under Paragraph 5 are not paid by the required date, such Settling Defendant shall be in violation of this Consent Decree and shall pay to the Plaintiffs (85% to the United States and 15% to the Commonwealth), as a stipulated penalty, in addition to the Interest required by Paragraph 22, $1,000 per violation per day that such payment is late, except that no stipulated penalty or Interest shall accrue until ten (10) days following issuance of payment instructions by the FLU in accordance with Paragraph 6.a.

b. If any amounts due from a Settling Defendant under Paragraphs 8 or 19 are not paid by the required date, such Settling Defendant shall be in violation of this Consent Decree and shall pay to the Plaintiffs (85% to the United States and 15% to the Commonwealth), as a stipulated penalty, in addition to the Interest required by Paragraph 22, $1,000 per violation per day that such payment is late.

c. If a Settling Defendant does not comply with the obligations specified in Sections VII and/or VIII of this Consent Decree, such Settling Defendant shall be in violation of this Consent Decree and shall pay to the Plaintiffs (85% to the United States and 15% to the Commonwealth), as a stipulated penalty, $250 per violation per day of such noncompliance for the first thirty (30) days, and $500 per violation per day for each day thereafter.

d. Stipulated penalties are due and payable within thirty (30) days of the date of the demand for payment of the penalties by the United States or the Commonwealth.

(i) All payments to the United States under this Paragraph 23 shall be identified as "stipulated penalties" and shall be made by certified or cashier's check made payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the check, shall reference the name and address of the party making payment, the Site name, the EPA Region and Site Spill ID Number D378, DOJ Case Number 90-11-2-07622/2, and the Civil Action Number 2:10-cv-00412-JD, and shall be sent to:

> US Environmental Protection Agency
> Superfund Payments
> Cincinnati Finance Center
> PO Box 979076
> St. Louis, MO   63197-900

(ii) All payments to the Commonwealth under this Paragraph 23 shall be identified as "stipulated penalties" and shall be paid in accordance with the procedures specified in Paragraph 6.b.

e. At the time of each payment to the United States, the noncompliant Settling Defendant shall send notice that payment has been made to EPA and DOJ in accordance with Section XV (Notices and Submissions) and to:

Docket Clerk (3RC00)
United States Environmental Protection Agency, Region 3
1650 Arch Street
Philadelphia, PA 19103

f. Penalties shall accrue as provided in this Paragraph 23 regardless of whether EPA or the Commonwealth has notified a noncompliant Settling Defendant of the violation or made a demand for payment, but need only be paid upon demand. All penalties shall begin to accrue on the day after payment or performance is due or the day a violation occurs, and shall continue to accrue through the date of payment or the final day of correction of the noncompliance or completion of the activity. Notwithstanding the foregoing, no penalty shall accrue for violation of the obligation under Paragraph 19 of this Consent to reasonably cooperate with and assist the United States in (i) asserting and pursuing claims for coverage under those policies, and (ii) negotiating or litigating to obtain the most favorable resolution of claims under those policies, unless and until the United States has first notified in writing the alleged noncompliant Settling Defendant of its failure to satisfy the cooperation requirements of Paragraph 19 of this Consent Decree. Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

g. Liability under this Paragraph 23 shall be expressly limited to the noncompliant Settling Defendant or Defendants.

24. If either Plaintiff brings an action to enforce this Consent Decree the noncompliant Settling Defendant shall reimburse such Plaintiff for all costs of such action, including but not limited to costs of attorney time. However, if a Court determines that the Settling Defendant was compliant, the Settling Defendant shall not be responsible for the costs of such action.

25. Payments made under this Section IX shall be in addition to any other remedies or sanctions available to Plaintiffs by virtue of a Settling Defendant's failure to comply with the requirements of this Consent Decree.

26. Notwithstanding any other provision of this Section, either Plaintiff may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree. Payment of stipulated penalties shall not excuse Settling Defendants from payment as required by Section VI or from performance of any other requirement of this Consent Decree.

## X. COVENANT NOT TO SUE BY PLAINTIFFS

27. Covenant Not to Sue by United States. Except as specifically provided in Section XI (Reservation of Rights by Plaintiffs), the United States covenants not to sue or to take administrative action against Settling Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), with regard to the Sites. As to each Settling Defendant, this covenant shall take effect upon receipt by the United States of all amounts required by Section VI (Payment of Response Costs) and any amount due under Section IX (Failure to Comply with Consent Decree) owed by that Settling Defendant. As to each Settling Defendant, this covenant not to sue is

conditioned upon the satisfactory performance by such Settling Defendant of his or her
obligations under this Consent Decree, including but not limited to, the activities required by
Section VII and Paragraph 19 of this Consent Decree. As to each Settling Defendant, this
covenant not to sue is also conditioned upon the veracity and completeness of the Financial
Information provided to EPA by such Settling Defendant. If the Financial Information
pertaining to a Settling Defendant is subsequently determined by EPA to be false or inaccurate in
any material respect, such Settling Defendant shall forfeit all payments made pursuant to this
Consent Decree and this covenant not to sue and the contribution protection in Paragraph 34
shall be null and void. Such forfeiture shall not constitute liquidated damages and shall not in
any way foreclose the United States' right to pursue any other causes of action arising from a
Settling Defendant's materially false or inaccurate information. This covenant not to sue extends
only to Settling Defendants and does not extend to any other person.

28. Covenant Not to Sue by Commonwealth. Except as specifically provided in Section
XI (Reservation of Rights by Plaintiffs), the Commonwealth covenants not to sue or to take
administrative action against Settling Defendants with regard to the Sites. As to each Settling
Defendant, this covenant shall take effect upon receipt by the Commonwealth of all amounts
required by Section VI (Payment of Response Costs) and any amount due under Section IX
(Failure to Comply with Consent Decree) owed by that Settling Defendant. As to each Settling
Defendant, this covenant not to sue is conditioned upon the satisfactory performance by such
Settling Defendant of his or her obligations under this Consent Decree, including but not limited
to, the activities required by Section VII and Paragraph 19 of this Consent Decree. As to each
Settling Defendant, this covenant not to sue is also conditioned upon the veracity and
completeness of the Financial Information provided to EPA by such Settling Defendant. If the
Financial Information pertaining to a Settling Defendant is subsequently determined by EPA to
be false or inaccurate in any material respect, such Settling Defendant shall forfeit all payments
made pursuant to this Consent Decree and this covenant not to sue and the contribution
protection in Paragraph 34 shall be null and void. Such forfeiture shall not constitute liquidated
damages and shall not in any way foreclose the Commonwealth's right to pursue any other
causes of action arising from a Settling Defendant's materially false or inaccurate information.
This covenant not to sue extends only to Settling Defendants and does not extend to any other
person.

## XI.  RESERVATION OF RIGHTS BY PLAINTIFFS

29. The United States reserves, and this Consent Decree is without prejudice to, all rights
against Settling Defendants with respect to all matters not expressly included within the
Covenant Not to Sue by United States in Paragraph 27. Notwithstanding any other provision of
this Consent Decree, the United States reserves all rights against Settling Defendants with
respect to:

a. liability of a Settling Defendant for his or her failure to meet a requirement of
this Consent Decree;

b. criminal liability;

c. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments;

d. liability arising from the past, present, or future disposal, release or threat of release of a hazardous substance, pollutant, or contaminant outside of the Sites.

30. The Commonwealth's covenants not to sue in Paragraph 28 shall not apply to the following claims against Settling Defendants for:

a. failure to meet the requirements of this Consent Decree;

b. past, present, or future releases or threatened releases of hazardous substances or contaminants outside the Site;

c. past, present, or future violations of Federal or State criminal law;

d. natural resource damages.

With regard to all matters expressly addressed by this Consent Decree, the Commonwealth specifically reserves all rights to institute equitable, administrative, civil, and criminal actions for any past, present, or future violation of any statute, regulation, permit, or order, or for any pollution or potential pollution to the air, land, or waters of the Commonwealth against persons not parties to this Consent Decree.

31. Notwithstanding any other provision of this Consent Decree, the United States and the Commonwealth reserve, and this Consent Decree is without prejudice to, the right to reinstitute or reopen this action, or to commence a new action seeking relief other than as provided in this Consent Decree, as to a Settling Defendant if the Financial Information provided by such Settling Defendant, or the financial certification made by such Settling Defendant in Paragraph 39 is false or inaccurate in any material respect.

## XII. COVENANT NOT TO SUE BY SETTLING DEFENDANTS

32. Settling Defendants covenant not to sue and agree not to assert any claims or causes of action against the United States or the Commonwealth, or their contractors or employees, with respect to the Sites or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of response actions at or in connection with the Sites, including any claim under the United States Constitution, the Commonwealth Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law;

17

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to the Sites;

d. any claim against the Commonwealth pursuant to the Hazardous Sites Cleanup Act, 35. §§ 6020, relating to the Sites.

Except as provided in Paragraph 34 (Waiver of Claims) and Paragraph 38 (Waiver of Claim-Splitting Defenses), these covenants not to sue shall not apply in the event the United States or the Commonwealth brings a cause of action or issues an order pursuant to the reservations set forth in Paragraph 29 a, b, c, and d, or 30 a, b, c, and d, but only to the extent that Settling Defendants' claims arise from the same response action or response costs that the United States is seeking pursuant to the applicable reservation.

33. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. 300.700(d).

34. Waiver of Claims. Settling Defendants agree not to assert any CERCLA or HSCA claims or causes of action that they may have for all matters relating to the Sites, including for contribution, against any other person. This waiver shall not apply with respect to any defense, claim, or cause of action that Settling Defendants may have against any person if such person asserts a claim or cause of action relating to the Sites against Settling Defendants.

## XIII. EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION

35. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Except as provided in Paragraph 34, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way to the Sites against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of Plaintiffs, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2) and (3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

36. The Parties agree, and by entering this Consent Decree this Court finds, that this Consent Decree constitutes a judicial settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and for purposes of Section 705(c)(2) of HSCA, 35 P.S. §6020.705(c)(2), and that Settling Defendants are entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2) and by Section 705(c)(2) of HSCA, 35 P.S. §6020.705(c)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Sites, by Plaintiffs or any

18

other person. The "matters addressed" in this Consent Decree do not include those response costs or response actions as to which any Plaintiff has reserved its rights under this Consent Decree (except for claims for failure to comply with this Decree), in the event that any Plaintiff asserts rights against Settling Defendants coming within the scope of such reservations.

37. Each Settling Defendant shall, with respect to any suit or claim for contribution brought by him or her for matters related to this Consent Decree, notify EPA and DOJ in writing no later than thirty (30) days prior to the initiation of such suit or claim. Each Settling Defendant shall, with respect to any suit or claim for contribution brought against him or her for matters related to this Consent Decree, notify EPA and DOJ in writing within thirty (30) days of service of the complaint or claim upon him or her. In addition, each Settling Defendant shall notify EPA and DOJ within thirty (30) days of service or receipt by him or her of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial, for matters related to this Consent Decree.

38. Waiver of Claim-Splitting Defenses. In any subsequent administrative or judicial proceeding initiated by the Plaintiffs for injunctive relief, recovery of response costs, or other relief relating to the Sites, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, *res judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by the Plaintiffs set forth in Section X.

## XIV. FINANCIAL CERTIFICATION

39. Each Settling Defendant hereby certifies that, to the best of his, her, or its knowledge and belief, after thorough inquiry, he, she, or it has:

a. not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or other information relating to their potential liability regarding the Sites since notification of potential liability by the United States or the filing of suit against him, her, or it regarding the Sites, and that he, she, or it has fully complied with any and all EPA requests for information regarding the Sites and Settling Defendants' financial circumstances pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e); and

b. submitted to EPA Financial Information that fairly, accurately, and materially sets forth his, her, or its individual financial circumstances, and that those circumstances have not materially changed between the time the Financial Information was submitted to EPA and the time he, she, or it executes this Consent Decree or, if those circumstances may have materially changed, that Settling Defendant has informed EPA.

40. The United States agrees to treat all financial information identified in Appendix A as Confidential Business Information (CBI) and to disclose such information to persons other than the Settling Defendant submitting such information only in accordance with 40 C.F.R. Part 2.

## XV. NOTICES AND SUBMISSIONS

41. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other Parties in writing. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, Commonwealth of Pennsylvania and Settling Defendants, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-2-07622/2
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:

Mark Bolender (3RC43)
Assistant Regional Counsel
U.S. EPA - Region III
1650 Arch Street
Philadelphia, PA 19103

As to Commonwealth of Pennsylvania:

Anderson Lee Hartzell
Office of Chief Counsel
Regional Supervising Counsel
Pennsylvania Department of Environmental Protection
2 East Main Street
Norristown, PA 19401

As to Settling Defendants:

As to the Saltzburg Defendants:

Margaret A. Hill, Esq.
Blank Rome LLP
One Logan Square
18th & Cherry Streets

20

Philadelphia, PA 19103
mhill@blankrome.com

As to Roger Schwab and Ann Schwab Brown:

Kenneth J. Warren, Esq.
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103
kjw@hangley.com

As to Albert Schwab and MDC Industries, Inc.:

Joseph J. McGovern, Esq.
Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center – 19th Floor
1617 John F. Kennedy Boulevard
Philadelphia, PA 19103-1895
Joseph.McGovern@obermayer.com

As to Franklin Smelting and Refining Corp.,
Francos Realty, Inc., and the Schwab Family Partnership:

All Settling Defendants Counsel Named Above

## XVI. **RETENTION OF JURISDICTION**

42. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree, including, but not limited to, review of any determination by EPA that the Financial Information provided to EPA by a Settling Defendant is false or inaccurate in any material respect.

## XVII. **INTEGRATION/APPENDICES**

43. This Consent Decree and its appendices constitute the final, complete and exclusive Consent Decree and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is a list of the Financial Information submitted to EPA by Settling Defendants.

"Appendix B" is the map of the Sites.

"Appendix C" is the Notice of Judgment Lien.

## XVIII. **LODGING AND OPPORTUNITY FOR PUBLIC COMMENT**

44. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment, in accordance with relevant provisions of CERCLA and HSCA. The Plaintiffs reserve the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendants consent to the entry of this Consent Decree without further notice.

45. If for any reason this Court should decline to enter this Consent Decree in the form presented, this Consent Decree is voidable at the sole discretion of any party and the terms of the Consent Decree may not be used as evidence in any litigation between the Parties.

## XIX. **SIGNATORIES/SERVICE**

46. Each undersigned representative of Settling Defendants to this Consent Decree, the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice, and Stephen B. Sinding, Environmental Cleanup Program Manager, Pennsylvania Department of Environmental Protection, Southeast Region, certify that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

47. Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States or Commonwealth of Pennsylvania has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

48. Settling Defendants shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on its behalf with respect to all matters arising under or relating to this Consent Decree. Settling Defendants hereby agree to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons. The Parties agree that Settling Defendants need not file an answer to the amended complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XX. FINAL JUDGMENT

49. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS **30** DAY OF **NOV**, 2011.

HON. JAN E. DUBOIS
*Judge, United States District Court*

23

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR THE UNITED STATES OF AMERICA:

Date: _8/24/11_

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: _8/26/11_

JOHN W. SITHER
Environmental Enforcement Section
U.S. Department of Justice
P.O Box 7611
Washington, D.C.  20044
(202) 514-5484
John.Sither@usdoj.gov

ZANE DAVID MEMEGER
United States Attorney
Eastern District of Pennsylvania

Date:  8/30/11

SUSAN R. BECKER
Assistant United States Attorney
Office of the United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8310
Susan.Becker@usdoj.gov

Date: 8/18/11

SHAWN M. GARVIN
Regional Administrator, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

Date: 8/9/11

MARCIA E. MULKEY
Regional Counsel, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

Date: 8/4/11

MARK J. BOLENDER
Assistant Regional Counsel, Region III
U.S. Environmental Protection Agency
1650 Arch Street
Philadelphia, PA 19103

25

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR THE COMMONWEALTH OF PENNSYLVANIA:

Date: ___8-2-11___

STEPHEN B. SINDING
Environmental Cleanup Program Manager
Pennsylvania Department of Environmental Protection
Southeast Region
2 East Main Street
Norristown, PA 19401

Date: ___8/2/11___

ANDERSON LEE HARTZELL
Office of Chief Counsel
Regional Supervising Counsel
Pennsylvania Department of Environmental Protection
Southeast Region
2 East Main Street
Norristown, PA 19401

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT ALBERT SCHWAB:

Date: 7/29/11

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:   Joseph J. McGovern

Title:   Attorney for Albert Schwab

Address: Obermayer Rebmann Maxwell & Hippel LLP
One Penn Center, 19th floor
1617 JFK Boulevard
Philadelphia, PA 19103
(215) 665-3058
joseph.mcgovern@obermayer.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT MICHAEL SALTZBURG:

Date: _8/3/11_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:    Margaret A. Hill

Title:    Attorney for Michael Saltzburg

Address: Blank Rome LLP
          One Logan Square
          18th & Cherry Streets
          Philadelphia, PA  19103
          215-569-5331
          mhill@blankrome.com

27

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT BETTY SALTZBURG, as EXECUTOR for the ESTATE of DAVID SALTZBURG:

Date:  8/3/11                    _Betty Saltzburg_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     Margaret A. Hill

Title:    Attorney for Betty Saltzburg, as Executor for the Estate of David Saltzburg

Address:  Blank Rome LLP
          One Logan Square
          18th & Cherry Streets
          Philadelphia, PA  19103
          215-569-5331
          mhill@blankrome.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT BETTY SALTZBURG:

Date: 8/3/11

Betty Saltzburg

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Margaret A. Hill

Title: Attorney for Betty Saltzburg

Address: Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
215-569-5331
mhill@blankrome.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT SUSAN SALTZBURG:

Date: _8/3/11_ _____

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:  Margaret A. Hill

Title:  Attorney for Susan Saltzburg

Address:  Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA  19103
215-569-5331
mhill@blankrome.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT ROGER SCHWAB:

Date: 7-7-11

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:     Kenneth J. Warren, Esq.

Title:    Attorney for Roger Schwab

Address:  Hangley Aronchick Segal & Pudlin
          One Logan Square, 27th Floor
          Philadelphia, PA  19103

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT ANN SCHWAB BROWN:

Date: 7-7-11           Anne Brown

Agent Authorized to Accept Service on Behalf of Above-signed Party:

          Name:    Kenneth J. Warren, Esq.

          Title:   Attorney for Anne Brown

          Address: Hangley Aronchick Segal & Pudlin
                   One Logan Square, 27th Floor
                   Philadelphia, PA  19103

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT FRANKLIN SMELTING AND REFINING CORP.:

Date: 8/3/11

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Margaret A. Hill

Title: Attorney for Franklin Smelting and Refining Corp.

Address: Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
215-569-5531
mhill@blankrome.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT FRANCOS REALTY, INC.:

Date: __8/3/11__

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Margaret A. Hill

Title: Attorney for Francos Realty, Inc.

Address: Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA   19103
215-569-5331
mhill@blankrome.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT SCHWAB FAMILY PARTNERSHIP:

Date: ___8/3/11___

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name: Margaret A. Hill

Title: Attorney for Schwab Family Partnership

Address: Blank Rome LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103
215-569-5331
mhill@blankrome.com

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of United States v. Schwab Family Partnership, et al., Civil Action No. 2:10-cv-00412-JD, relating to the Franklin Smelting and Franklin Slag Superfund Sites:

FOR DEFENDANT MDC INDUSTRIES, INC. (A/K/A METALS DEVELOPMENT COMPANY AND METALS REFINING COMPANY):

Date:  7/29/11                  _Obert Scherper_

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:    Joseph J. McGovern

Title:    Attorney for MDC Industries, Inc.

Address:  Obermayer Rebmann Maxwell & Hippel LLP
          One Penn Center, 19th floor
          1617 JFK Boulevard
          Philadelphia, PA 19103
          (215) 66503058
          joseph.mcgovern@obermayer.com

# Appendix A

Financial Information Provided to EPA[1]

<u>Roger Schwab</u>

1. Letter dated May 21, 2003 from Kenneth J. Warren to Nathaniel Douglas and Robert Hasson with attachments/enclosures and letter dated August 21, 2007 from Kenneth J. Warren to John W. Sither and Michael Hendershot with attachments/enclosures.

2. Letter dated February 25, 2009 from Kenneth J. Warren to John W. Sither.

3. Letter dated March 31, 2009 from Kenneth J. Warren to John W. Sither with attachments.

4. Letter dated August 6, 2009 from Craig W. Gleason, MAI, Gleason Real Estate, Inc. to Kenneth J. Warren with attachment.

5. Letter dated October 9, 2009 from Kenneth J. Warren to John W. Sither and Leo Mullin with enclosure.

6. Letter dated November 13, 2009 from Kenneth J. Warren to John W. Sither and Leo Mullin with attachment.

7. Letter dated January 8, 2010 from Kenneth J. Warren to John W. Sither.

8. Letter dated February 2, 2010 from Kenneth J. Warren to John W. Sither, and all attachments to this letter.

9. Intentionally left blank .

10. U.S. Individual Income Tax Returns, Form 1040, for the calendar years 1998 - 2008.

11. Financial Statements of Individuals, dated May 21, 2003 and June 19, 2007.

12. U.S. Income Tax Returns for an S Corporation for Main Line Health & Fitness, Inc., for the calendar years 1998 - 2008.

13. U.S. Income Tax Returns for an S Corporation for Main Line Medical Exercise, Inc., for the calendar years 1998 - 2008.

14. U.S. Return of Partnership Income for MLHF Holdings LLC, for the calendar years 2000 - 2008.

---

[1] Attachments to letters and documents are assumed to be included notwithstanding their specific identification.

15. Main Line Health and Fitness, Inc., Financial Summary per Tax Returns, for calendar the years 2005 - 2008.

16. Main Line Health and Fitness, Inc., Membership Sorted by Type from Clubrunner Tracking, for the calendar years 2004 - 2008.

17. Main Line Health and Fitness, Inc., Membership Rate Schedule, effective January 1, 2004 and October 1, 2008.

18. Main Line Health and Fitness, Inc., 2008 Compensation by Trainer.

19. Main Line Health and Fitness, Inc., Payroll by Department, for the calendar years 2005 - 2008.

20. Main Line Health and Fitness, Inc., Projected Financial Summary, for the calendar years 2008-2011.

21. MLHF Holdings LLC, Financial Summary per Tax Returns, for the calendar years 2005 - 2008.

22. MLHF Holdings LLC, Schedule of Lease Terms, attached to the March 31, 2009 letter from Kenneth J. Warren to John W. Sither.

23. MLHF Holdings LLC, Comments from a Local Realtor, attached to the March 31, 2009 letter from Kenneth J. Warren to John W. Sither.

24. MLHF Holdings LLC, Projected Financial Summary, for the calendar years 2008 - 2011.

25. MLHF Holdings LLC, Schedule of Lease Terms with approximate Future Rental Income, for the calendar years 2009 - 2011.

26. Appraisal report of Main Line Health and Fitness, Inc., Main Line Medical Exercise, Inc., and MLHF Holdings, LLC, performed by CBIZ MHM, LLC, dated October 28, 2009.

27. Appraisal of 931 East Haverford Road, performed by Gleason Real Estate Inc., dated August 6, 2009.

28. (Betty Schwab) Federal Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, dated September 28, 2008.

29. (Betty Schwab) Pennsylvania Inheritance Tax Return, dated September 22, 2008.

30. (Betty Schwab) Federal Forms 1041, U.S. Income Tax Return for Estates and Trusts for calendar year 2008.

31. Betty Schwab Last Will and Testament, dated October 7, 2002.

32. (Betty Schwab) Inventory of the Estate, attached to the February 2, 2010 letter from Kenneth J. Warren to John W. Sither.

33. (Betty Schwab) Listing of all income, expenses and balances of the Estate, dated January 15, 2010

34. (Betty Schwab) Petition for Probate and Grant of Letters, attached to the February 2, 2010 letter from Kenneth J. Warren to John W. Sither.

35. (Betty Schwab) Certification of Notice under Rule 5.6(a), dated May 27, 2008.

36. Assets of the Betty Schwab Estate, as of August 31, 2008.

37. Main Line Health & Fitness/ Main Line Medical Exercise adjusted balance sheet as of December 31, 2008.

Ann Schwab Brown

1. U.S. Individual Income Tax Returns, Form 1040, 1040 A or 1040EZ, for the calendar years 1999 - 2008.

2. Financial Statements of Individuals, dated May 15, 2003, August 17, 2007 and March 12, 2010.

3. (Betty Schwab) Federal Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, dated September 28, 2008.

4. (Betty Schwab) Pennsylvania Inheritance Tax Return, dated September 22, 2008.

5. (Betty Schwab) Federal Forms 1041, U.S. Income Tax Return for Estates and Trusts for calendar year 2008.

6. Betty Schwab Last Will and Testament, dated October 7, 2002.

7. (Betty Schwab) Inventory of the Estate, attached to the February 2, 2010 letter from Kenneth J. Warren to John W. Sither.

8. (Betty Schwab) Listing of all income, expenses and balances of the Estate, dated January 15, 2010

9. (Betty Schwab) Petition for Probate and Grant of Letters, attached to the February 2, 2010 letter from Kenneth J. Warren to John W. Sither.

10. (Betty Schwab) Certification of Notice under Rule 5.6(a), dated May 27, 2008.

11. Assets of the Betty Schwab Estate, as of August 31, 2008.

12. Letter dated February 2, 2010 from Kenneth J. Warren to John W. Sither, and all attachments to this letter.

13. Letter dated March 12, 2010 from Kenneth J. Warren to John W. Sither with enclosures.

14. Letter dated May 21, 2003 from Kenneth J. Warren to Nathaniel Douglas and Robert Hasson with attachments/enclosures and letter dated August 21, 2007 from Kenneth J. Warren to John W. Sither and Michael Hendershot with attachments/enclosures.

Albert Schwab

1. Letter dated May 23, 2003 from Joseph McGovern to Nathaniel Douglas and Robert Hasson.

2. Letter dated October 5, 2007 from Steven D. Urgo to John W. Sither.

3. Letter dated February 25, 2009 from Joseph McGovern to John Sither.

4. Letter dated May 4, 2009 from Joseph McGovern to John Sither.

5. Letter dated June 8, 2009 from Steven D. Urgo to John W. Sither.

6. Letter dated October 19, 2009 from Joseph McGovern to John Sither.

7. Letter dated January 8, 2010 from Joseph McGovern to John Sither.

8. Letter dated August 10, 2010 from Joseph McGovern to John Sither.

9. Letter dated September 1, 2010 from Joseph McGovern to John Sither.

10. Letter dated September 16, 2010 from Joseph McGovern to John Sither.

11. U.S. Individual Income Tax Returns, Form 1040 and all attachments, for the calendar years 2003 - 2009.

12. Financial Statement of Individuals, dated September 26, 2007.

13. Schedule of Related Party Transactions, last transaction listed is dated September 18, 2006.

14. U.S. Return of Partnership Income, Form 1065, for Schwab Associates, L.P., for the calendar years 2002 - 2008.

15. Listing of partnership interests, by units and percentage, in Schwab Associates, L.P., attached to the October 5, 2007 letter from Steven D. Urgo to John W. Sither.

16. Financial Statement for Schwab Associates, L.P., dated September 26, 2007.

17. U.S. Corporation Income Tax Return, form 1120, for MDC Industries, Inc., for the tax years June 1, 2001 - May 31, 2002, June 1, 2002 - May 31, 2003, June 1, 2003 - May 31, 2004, June 1, 2004 - May 31, 2005, and June 1, 2005 - May 31, 2006.

18. Schwab Associates L.P. Agreement of Limited Partnership

19. Ability to Pay Report for Diane Schwab, as a Widow and Retiree, dated April 30, 2009

20. Financial Statement of Individuals, dated May 4, 2009

21. Excel spreadsheet dated March 15, 2010 titled "PH1-_4453273-v1-Schwab_Expense_Data_2008-09.XLS"

Michael Saltzburg

1. Letter dated May 21, 2003 from Margaret A. Hill to Nathaniel Douglas and Robert Hasson, and all attachments to this letter.

2. Letter dated September 13, 2007, from Margaret A. Hill to John W. Sither, and all attachments to this letter.

3. U.S. Individual Income Tax Returns and amendments, Forms 1040 and 1040X, for the calendar years 2003 - 2009.

4. Ability to Pay Analysis, performed by Robert H. Fuhrman, Seneca Economic and Environment, LLC, dated January 20, 2009, and all attachments to this document

5. Financial Statement of Individuals, dated August 20, 2007.

6. Confidential Personal Financial Statement, provided by Bank of America, for the calendar years 2005-2006.

7. U.S. Income Tax Returns for an S Corporation for Metallic Recovery Group, Inc., for the calendar years 2003 - 2008.

8. Metallic Recovery Group, Inc., Income Statement, for the calendar year 2007.

9. Metallic Recovery Group, Inc., Earnings History and Analysis, for the calendar years 1998 - 2008.

10. Copper Price & Inventory Comparison, performed by The Copper Journal, for January 1987 - September 2007.

11. Metallic Recovery Group, Inc.'s Purchases of Copper-Bearing Materials, for the calendar years 1998 - 2008.

12. Metallic Recovery Group, Inc.'s Gross Profit Percentage on Purchases of Copper-Bearing Materials, for the calendar years 1998-2008.

13. Metallic Recovery Group, Inc., Financial Projection, under three scenarios for the calendar years 2009 - 2012.

14. Letter dated May 1, 2009 from Margaret A. Hill to John W. Sither and Leo J. Mullin, and all attachments to this letter.

15. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2004, 2005, 2006, 2008 and 2009

16. Estate of David Saltzburg, Account Balances and Summary of Cash Activity, dated January 1, 2010 and May 1, 2010.

17. David and Betty Saltzburg U.S. Individual Income Tax Returns, Form 1040, for the calendar years 2003 - 2004

18. Estate David Saltzburg, list of Obligations/Liabilities, dated April 2006.

19. Montgomery County, Pennsylvania, Short Certificate that Letters Testamentary on the Estate of David A. Saltzburg were granted to Betty Saltzburg, dated January 21, 2005.

20. Petition for Probate and Grant of Letters, attached to the April 12, 2006 letter from Margaret A. Hill to Cynthia Nadolski.

21. Pennsylvania Department of Revenue Estate Information Sheet, dated January 14, 2005.

22. Federal Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, dated February 13, 2006, and all attachments to this form.

23. Inheritance Tax Return Resident Decedent, Rev-1500, for the Commonwealth of Pennsylvania, dated February 16, 2006, and all attachments to this form.

24. Will of David A. Saltzburg, and Codicil to Last Will and Testament, both dated December 12, 2000.

25. Inventory of the Estate, Register of Wills, Montgomery County, Pennsylvania, dated February 2, 2006, and all attachments to this document.

26. Balance of the Estate, dated December 31, 2008

27. Certificate of Death for David Saltzburg, Commonwealth of Pennsylvania, Department of Health, Vital Records, dated November 20, 2004

28. Listing of all disbursements, distributions, expenses and payments to third parties from the Estate of David Saltzburg, dates February 2006.

29. Letter dated April 12, 2006 from Margaret A. Hill to Cynthia Nadolski

30. Letter dated April 13, 2006 from Margaret A. Hill to Cynthia Nadolski.

31. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2005 - 2006.

32. Deed of Trust between  David A. Saltzburg ("Settlor") and Michael S. Saltzburg and Betty Saltzburg ("Trustees"), dated January 1, 1987.

33. Janney Montgomery Scott Account, for the calendar years 2007 - 2009.

34. David A. Saltzburg Trust, Account Balances, dated May 1, 2010.

35. David A. Saltzburg Trust, Cash Activity, dated January 1, 2010 and May 1, 2010.

Susan Saltzburg

1. U.S. Individual Income Tax Returns, Form 1040, for the calendar years 2003 - 2008.

2. Ability to Pay Analysis, performed by Robert H. Fuhrman, Seneca Economic and Environment, LLC, dated January 20, 2009, and all attachments to this document.

3. INDIPAY Analysis of Susan Saltzburg's ability to pay, run on July 19, 2009.

4. Financial Statement of Individuals, dated August 20, 2007.

5. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2004, 2005, 2006, 2008 and 2009

6. Estate of David Saltzburg, Account Balances and Summary of Cash Activity, dated January 1, 2010 and May 1, 2010.

7. David and Betty Saltzburg U.S. Individual Income Tax Returns, Form 1040, for the calendar years 2003 - 2004

8. Estate David Saltzburg, list of Obligations/Liabilities, dated April 2006.

9. Montgomery County, Pennsylvania, Short Certificate that Letters Testamentary on the Estate of David A. Saltzburg were granted to Betty Saltzburg, dated January 21, 2005.

10. Petition for Probate and Grant of Letters, attached to the April 12, 2006 letter from Margaret A. Hill to Cynthia Nadolski.

11. Pennsylvania Department of Revenue Estate Information Sheet, dated January 14, 2005.

12. Federal Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, dated February 13, 2006, and all attachments to this form.

13. Inheritance Tax Return Resident Decedent, Rev-1500, for the Commonwealth of Pennsylvania, dated February 16, 2006, and all attachments to this form.

14. Will of David A. Saltzburg, and Codicil to Last Will and Testament, both dated December 12, 2000.

15. Inventory of the Estate, Register of Wills, Montgomery County, Pennsylvania, dated February 2, 2006, and all attachments to this document.

16. Balance of the Estate, dated December 31, 2008

17. Certificate of Death for David Saltzburg, Commonwealth of Pennsylvania, Department of Health, Vital Records, dated November 20, 2004

18. Listing of all disbursements, distributions, expenses and payments to third parties from the Estate of David Saltzburg, dates February 2006.

19. Letter dated April 12, 2006 from Margaret A. Hill to Cynthia Nadolski

20. Letter dated April 13, 2006 from Margaret A. Hill to Cynthia Nadolski.

21. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2005 - 2006.

22. Deed of Trust between David A. Saltzburg ("Settlor") and Michael S. Saltzburg and Betty Saltzburg ("Trustees"), dated January 1, 1987.

23. Janney Montgomery Scott Account, for the calendar years 2007 - 2009.

24. David A. Saltzburg Trust, Account Balances, dated May 1, 2010.

25. David A. Saltzburg Trust, Cash Activity, dated January 1, 2010 and May 1, 2010.

Betty Saltzburg

1. U.S. Individual Income Tax Returns, Form 1040, for the calendar years 2005 - 2009.

2. Ability to Pay Analysis, performed by Robert H. Fuhrman, Seneca Economic and Environment, LLC, dated January 20, 2009, and all attachments to this document.

3. INDIPAY Analysis of Betty Saltzburg's ability to pay, run on July 19, 2009.

4. Financial Statement of Individuals, attached to the September 13, 2007 letter, from Margaret A. Hill to John W. Sither.

5. Gifts from Betty Saltzburg, for the calendar years 2003, 2005, 2006 and 2007

6. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2004, 2005, 2006, 2008 and 2009

7. Estate of David Saltzburg, Account Balances and Summary of Cash Activity, dated January 1, 2010 and May 1, 2010.

8. David and Betty Saltzburg U.S. Individual Income Tax Returns, Form 1040, for the calendar years 2003 - 2004

9. Estate David Saltzburg, list of Obligations/Liabilities, dated April 2006.

10. Montgomery County, Pennsylvania, Short Certificate that Letters Testamentary on the Estate of David A. Saltzburg were granted to Betty Saltzburg, dated January 21, 2005.

11. Petition for Probate and Grant of Letters, attached to the April 12, 2006 letter from Margaret A. Hill to Cynthia Nadolski.

12. Pennsylvania Department of Revenue Estate Information Sheet, dated January 14, 2005.

13. Federal Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, dated February 13, 2006, and all attachments to this form.

14. Inheritance Tax Return Resident Decedent, Rev-1500, for the Commonwealth of Pennsylvania, dated February 16, 2006, and all attachments to this form.

15. Will of David A. Saltzburg, and Codicil to Last Will and Testament, both dated December 12, 2000.

16. Inventory of the Estate, Register of Wills, Montgomery County, Pennsylvania, dated February 2, 2006, and all attachments to this document.

17. Balance of the Estate, dated December 31, 2008

18. Certificate of Death for David Saltzburg, Commonwealth of Pennsylvania, Department of Health, Vital Records, dated November 20, 2004

19. Listing of all disbursements, distributions, expenses and payments to third parties from the Estate of David Saltzburg, dates February 2006.

20. Letter dated April 12, 2006 from Margaret A. Hill to Cynthia Nadolski

21. Letter dated April 13, 2006 from Margaret A. Hill to Cynthia Nadolski.

22. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2005 - 2006.

23. Deed of Trust between David A. Saltzburg ("Settlor") and Michael S. Saltzburg and Betty Saltzburg ("Trustees"), dated January 1, 1987.

24. Janney Montgomery Scott Account, for the calendar years 2007 - 2009.

25. David A. Saltzburg Trust, Account Balances, dated May 1, 2010.

26. David A. Saltzburg Trust, Cash Activity, dated January 1, 2010 and May 1, 2010.

Estate of David Saltzburg (and Trust)

1. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2004, 2005, 2006, 2008 and 2009

2. Estate of David Saltzburg, Account Balances and Summary of Cash Activity, dated January 1, 2010 and May 1, 2010.

3. David and Betty Saltzburg U.S. Individual Income Tax Returns, Form 1040, for the calendar years 2003 - 2004

4. Estate David Saltzburg, list of Obligations/Liabilities, dated April 2006.

5. Montgomery County, Pennsylvania, Short Certificate that Letters Testamentary on the Estate of David A. Saltzburg were granted to Betty Saltzburg, dated January 21, 2005.

6. Petition for Probate and Grant of Letters, attached to the April 12, 2006 letter from Margaret A. Hill to Cynthia Nadolski.

7. Pennsylvania Department of Revenue Estate Information Sheet, dated January 14, 2005.

8. Federal Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, dated February 13, 2006, and all attachments to this form.

9. Inheritance Tax Return Resident Decedent, Rev-1500, for the Commonwealth of Pennsylvania, dated February 16, 2006, and all attachments to this form.

10. Will of David A. Saltzburg, and Codicil to Last Will and Testament, both dated December 12, 2000.

11. Inventory of the Estate, Register of Wills, Montgomery County, Pennsylvania, dated February 2, 2006, and all attachments to this document.

12. Balance of the Estate, dated December 31, 2008

13. Certificate of Death for David Saltzburg, Commonwealth of Pennsylvania, Department of Health, Vital Records, dated November 20, 2004

14. Listing of all disbursements, distributions, expenses and payments to third parties from the Estate of David Saltzburg, dates February 2006.

15. Letter dated April 12, 2006 from Margaret A. Hill to Cynthia Nadolski

16. Letter dated April 13, 2006 from Margaret A. Hill to Cynthia Nadolski.

17. U.S. Income Tax Return for Estates and Trusts, Form 1041, for the calendar years 2005 - 2006.

18. Deed of Trust between  David A. Saltzburg ("Settlor") and Michael S. Saltzburg and Betty Saltzburg ("Trustees"), dated January 1, 1987.

19. Janney Montgomery Scott Account, for the calendar years 2007 - 2009.

20. David A. Saltzburg Trust, Account Balances, dated May 1, 2010.

21. David A. Saltzburg Trust, Cash Activity, dated January 1, 2010 and May 1, 2010.

Franklin Smelting and Refining Corp

37. Letter dated May 21, 2003 from Michael Saltzburg to Maria Pino, US Environmental
    Protection Agency, Region III.

38. Financial Statement of Corporate Debtor for Franklin Smelting and Refining Corp
    updated December 16, 2002.

39. Franklin Smelting & Refining – Insurance Coverage

40. Franklin Smelting & Refining Corp, Balance Sheet and Income Statement for Twelve
    Months Ending December 31, 1997.

41. Letter dated January 16, 1998 from Michael Saltzburg to Glen S. Lapsley, Removal
    Enforcement and Oil Section, U.S. Environmental Protection Agency.

42. U.S. Income Tax Return for an S Corporation, Form 1120S  1992 – 1997

43. Audited Financial Statements for Fanklin Smelting & Refining Corp as of December
    1994 and December 31, 1995.

44. Unaudited Financial Statement for Franklin Smelting & Refining Corp. December 31,
    1996.

Francos Realty, Inc.

14. Letter dated December 16, 2002, from Michael Saltzburg to Maria Pino, US
    Environmental Protection Agency, Region III

15. Copies of Financial Statements of Corporate Debtor one copy signed December 9, 1998
    another updated December 16, 2002

16. U.S. Income Tax Return for an S Corporation 1993 - 1997 for Francos Realty Co,

17. PA Corporate Tax Report 1997 for Francos Realty Co.

18. Account's compilation for Francos Realty Co. for 1993 – 1995

MDC Industries, Inc.

22. Letter dated November 25, 2002 from Albert Schwab, President, MDC Industries, Inc. to Maria Pino, U.S. Environmental Protection Agency.

23. Letter dated April 9, 1998 from Albert Schwab, President, MDC Industries, Inc. to Adolphus Levi Williams, Jr. U.S. Environmental Protection Agency.

24. Financial Statement of Corporate Debtor for MDC Industries, Inc. dated November 25, 2002.

25. MDC Industries, Inc. Financial Statements Years Ended May 31, 1996 2002

26. U. S. Income Tax Return for an S Corporation, Form 1120S for tax years ending May 31, 1997 – 2005.

27. Letter dated May 3, 2000 from Daniel F. Schranghamer, to Lori Kier, Esq., U.S. Environmental Protection Agency.

28. Otober 5, 2007 letter to John W. Sither from Steven D. Urgo.

Schwab Family Partnership

36. Letter dated December 4, 2002, from Margaret A. Hill to Maria Pino, US Environmental Protection Agency, Region III

37. U.S. Partnership Return of Inome, Form 1065 for 1993 -1997.

38. Undated Financial Statement of Corporate Debtor for Schwab Family Partnership

